**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BILLY JOE KELLEY,                                                                                          PETITIONER
ADC #109693

v.                                              5:12CV00372-BSM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is Mr. Kelley's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2). Based on the following analysis, this Court recommends that the Petition be dismissed with prejudice.

## I. BACKGROUND

On February 5, 2008, Mr. Kelley was convicted of rape in the Pulaski County Circuit Court and sentenced to life imprisonment. On direct appeal to the Arkansas Supreme Court, Mr. Kelley raised three arguments: 1) the trial court erred by denying his motion for directed verdict (evidence insufficient to support his conviction); 2) the trial court erred by allowing testimony that the victim had chlamydia; and 3) the court erred by not allowing him to ask the victim's mother if she had chlamydia. (Doc. No. 8-2.) Because he was sentenced to life

imprisonment, the Arkansas Supreme Court reviewed the entire record for reversible error pursuant to the former Ark. Sup. Ct. R. 4-3(h)(2008) (now Ark. Sup. Ct. R. 4-3(I)), and found no error. *Kelley v. State*, 475 Ark. 483, 292 S.W. 3d 297 (2009). The court recited the evidence presented at trial as follows:

> [The victim], M.W. testified at trial that Kelley engaged in sexual contact with her in November and December 2006, while he was living in a house with her, her mother, and three brothers. M.W. testified that, during that time, Kelley touched her vagina with his penis. M.W. stated that when Kelley touched her vagina with his penis, it was on "the inside." M.W. related that some of the incidents occurred in the morning and others occurred during the evening while her mother was at work and her brothers were not home. M.W. stated that it "hurt" when Kelley did this to her, and that she eventually told her neighbor, Phyllis Gordon, about what had been happening because she was "tired of it" and wanted it to stop. M.W. also testified that after the incidents occurred, she noticed a burning sensation when she went to the bathroom. M.W. stated that sometimes her stomach hurt "after he did it."
>
> Dr. Maria Esquivel examined M.W. at Arkansas Children's Hospital on January 22, 2007. Dr. Esquivel testified that M.W., who was born on August 10, 1997, was about nine years old at the time of the examination. She stated that M.W. had a very thin hymen, and that based on this finding, she suspected that there may have been penetration into the vagina. Dr. Esquivel stated that she did not find any acute, or fresh, injuries, but she explained that any injuries inflicted in November and December would have had time to heal. She also tested M.W. for sexually transmitted diseases and learned that a swab from M.W.'s rectum tested positive for chlamydia. Dr. Esquivel testified that chlamydia is spread either "by active intercourse or by very close genital to genital contact." She stated that many women who have chlamydia may be asymptomatic but that some women experience burning upon urination.

*Id.* at 486-7.

The Arkansas Supreme Court affirmed Kelley's conviction on all points in an opinion issued February 5, 2009. *Id.*

Mr. Kelley then timely filed a petition for post-conviction relief pursuant to Ark. R.

Crim. P. 37 on April 6, 2009. (Doc. No. 8-5.) He claimed ineffective assistance of counsel under the Sixth Amendment because his counsel: 1) failed to demand face to face confrontation of the victim in the presence of the jury; 2) failed to pursue and investigate the prior felony conviction for failure to register as a sex offender; and 3) failed to investigate the allegations of the offense dates alleged by the victim. (*Id.*)

On April 19, 2010, Mr. Kelley filed a motion for leave to amend his Rule 37 petition. (Doc. No. 8-6.) He alleged that his counsel was ineffective by not obtaining a ruling from the trial court on his Confrontation Clause objection regarding the lab test for chlamydia, and based his argument on the recent opinion in *Melendez-Diaz v. Massachusetts,* 557 U.S. ___, 129 S. Ct. 2528 (2009). The State responded that it did not introduce written statements of the lab technician but offered the testimony of a medical doctor who testified about the victim's condition and the lab report was not prepared as evidence but allowed the victim to receive proper medical care. (*Id.*) The circuit court denied Mr. Kelley postconviction relief on all grounds raised in the original and amended Rule 37 petitions on September 13, 2010. (Doc. No. 8-8.) The Arkansas Supreme Court affirmed that decision on December 1, 2011. (Doc. 8-11). *Kelley v. State*, 2011 Ark. 504. (hereinafter "Kelley II")

Mr. Kelley filed the instant 28 U.S.C. § 2254 Petition on September 25, 2012. (Doc. No. 2.) Here, he alleges that 1) his trial counsel was ineffective for failing to obtain a ruling on his Confrontation Clause objection to admission of the lab test result, resulting in procedure default of this constitutional claim on direct appeal; and 2) his right to compulsory process under the Sixth Amendment was violated when the trial court refused him permission

to question victim's mother concerning an STD, which was essential to his defense at trial.

## II. ANALYSIS

As Petitioner acknowledges, when reviewing an underlying state court's decision on the merits of an inmate's claims, a federal court will "undertake only a limited and deferential review." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). In cases where the petitioner challenges a state court's adjudication on the merits, federal habeas relief will not be granted unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[,] or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).

"A state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially distinguishable facts.'" *Worthingto*n, 631 F.3d at 495. Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

### A. Ineffective Assistance of Counsel

As Respondent points out, in *Kelley II,* 2011 Ark. 504, at 2-3, the Arkansas Supreme Court correctly identified the governing federal law for ineffectiveness claims as *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Following *Strickland*, the court held that defense counsel was not ineffective and his failure to obtain a ruling on his Confrontation Clause objection did not result in prejudice to Mr. Kelley. Further, the court concluded that Mr. Kelley did not demonstrate that, but for counsel's failure to obtain a ruling on the Confrontation Clause objection, there was a reasonable probability that the outcome of the trial would have been different. *Kelley II,* 2011 Ark. 504, at 4-5.

Afer careful review of the Petition and Response, this Court concludes that court's conclusion did not entail an unreasonable application of federal law. Respondent correctly states that in reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that

determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The Arkansas Supreme Court reasonably applied *Strickland* to the facts of Mr. Kelley's case. Even if Mr. Kelley can show his counsel was deficient, this Court agrees with the majority of justices of the Arkansas Supreme court that Mr. Kelley is unable to show the requisite prejudice.

Even if Dr. Esquivel's testimony was stricken, as the Supreme Court notes, there was still substantial evidence to support his conviction. Specifically, the Court stated, "We determined on direct appeal that the victim's testimony constituted substantial evidence to sustain the conviction." *Kelley II,* 2011 Ark. 504, at 4.

For the same reason, Mr. Kelley's Sixth Amendment claim also fails.[1] The victim's testimony was simply sufficient to support his conviction under Arkansas law. So again, even if he had been allowed to make inquiry of the victim's mother, Mr. Kelley cannot satisfy the second "prejudice" prong of the *Strickland* test. Although this testimony does potentially create some doubt, it neither proves Mr. Kelley's guilt nor innocence.

After careful review of the record and the briefs, the Court concludes that Mr. Kelley's claims are without merit and are procedurally defaulted. Accordingly, his Petition for Writ of Habeas Corpus should be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

---

[1] Although Respondent may be technically correct that Mr. Kelley's claim is procedurally defaulted, the Court chooses to address the merits of this claim based on principles of fairness and justice.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Kelley has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Kelley's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice and the requested relief be DENIED.

2. A certificate of appealability be denied.

DATED this 28th day of May, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE